**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


*In re* **L.H.-1, R.H., and D.H.**

**No. 22-579** (Nicholas County 21-JA-120, 21-JA-121, and 21-JA-122)


**MEMORANDUM DECISION**


Petitioner Mother L.H.-2[1] appeals the Circuit Court of Nicholas County's June 15, 2022, order terminating her parental and custodial rights to L.H.-1, R.H., and D.H.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In November of 2021, the DHHR filed a petition alleging that petitioner committed acts of domestic violence against the children and abused controlled substances, including methamphetamine, amphetamine, and MDMA. The petition further alleged that petitioner would solicit urine samples from L.H.-1 and R.H. in order to pass drug screens and that the home was without working sewage. During the adjudicatory hearing in February of 2022, petitioner stipulated to the allegations related to drug abuse and the lack of working sewage within the home; however, petitioner did not admit to the remaining allegations. Thus, the DHHR proceeded to introduce testimony from the children regarding the remaining allegations.[3] Then-15-year-old L.H.-1 and then-14-year-old R.H. testified that petitioner used drugs in their presence, hit R.H., and called L.H.-1 and R.H. "the B-word." Then-13-year-old D.H. also testified regarding petitioner's drug use and physical abuse. Later, petitioner testified on her own

---

[1]Petitioner appears by counsel Joseph M. Mosko. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Brittany Ryers-Hindbaugh. Denise N. Pettijohn appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Because one of the children and petitioner share the same initials, we will refer to them as L.H.-1 and L.H.-2, respectively.

[3]Notably, only the judge, the guardian, and the court reporter were present while the children testified, although the other parties were in chambers and able to hear the testimony.

behalf, admitting to smacking the children—sometimes with a belt—but stated that she "did not hit [her] kids that much." Critically, the court found the children's testimony "consistent, reliable and credible" and petitioner's testimony not credible, noting that "she [took] no responsibility for being violent with the children" and "trie[d] to minimize her own behavior." As such, the court denied petitioner's motion for an improvement period, which had been filed the month prior. Further, the court adjudicated petitioner as an abusive and neglectful parent and set the matter for disposition.

Upon the testimony presented at the dispositional hearing in June of 2022, the court found that, although petitioner completed a drug rehabilitation program earlier that year, she failed to drug screen since that time and had not participated in other offered services.[4] The court further considered the wishes of all three teenage children who stated that they did not want to live with petitioner. Although R.H. indicated that she may want to talk to petitioner one day, both L.H.-1 and D.H. stated that they did not want to see petitioner again. Ultimately, the court found that the physical and mental abuse was chronic and, thus, an aggravated circumstance. The court further found that the DHHR made reasonable efforts to address the conditions of abuse and neglect by offering necessary services, that it was not in the children's best interest to return to petitioner's custody, that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future, and that there was no less-restrictive alternative to termination. Accordingly, the court terminated petitioner's parental and custodial rights to all three children[5] and ordered no post-termination visitation or contact.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T*., 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner first argues that the circuit court erred in denying her motion for an improvement period, indicating that her completion of a drug rehabilitation program demonstrated her intent to comply with services. Importantly, to obtain an improvement period under West Virginia Code § 49-4-610, a parent must demonstrate that he or she is likely to *fully* participate in an improvement period. Although we commend petitioner for taking steps to address her substance abuse issues, her refusal to drug screen after completion of that program and her failure to participate in other offered services[6] is strong evidence of her inability to fully comply with the terms and conditions of an improvement period.

---

[4]Although it appears from the dispositional order that the court ordered petitioner to submit to drug screens and that the DHHR offered services to petitioner, the limited appendix record in this case does not provide any relevant orders or a list of offered services.

[5]All parents' parental rights have been terminated. The permanency plan for the children is adoption in the current placement.

[6]On appeal, petitioner claims that the DHHR "made no effort to preserve the family unit through any type of counseling or services designed to remedy the issues upon which [p]etitioner was adjudicated." Simply put, the record does not support petitioner's assertion as the circuit court expressly found that the DHHR offered services, yet petitioner refused to participate. Further, even if we were to find that services were insufficient, the fact remains that the DHHR

(continued . . . )

2

Moreover, even before this Court, petitioner has yet to acknowledge the physical, verbal, and mental abuse she perpetrated upon her children. As we have previously explained,

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). Throughout these proceedings, petitioner accepted no responsibility for the abuse and attempted to minimize her conduct. Consequently, the circuit court did not err in finding that her lack of acknowledgement would have rendered any improvement period ineffectual as petitioner was not in a position to identify deficiencies in her parenting and correct them. As such, we find no error in the circuit court's decision to deny petitioner's motion for an improvement period. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (confirming that the circuit court has discretion to deny an improvement period when no improvement is likely).

Importantly, the same facts and circumstances that justified the circuit court in denying petitioner's motion for an improvement period also support termination. Because the circuit court made the findings required for termination of petitioner's parental rights upon ample evidence, we find no error in termination. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental rights upon finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare).

Lastly, petitioner argues that the circuit court erred in denying visitation as one of the children was open to establishing contact with petitioner. Importantly,

> [w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child; among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request, and the evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest.

---

was under no obligation to provide remedial services due to the aggravated circumstances of this case. W. Va. Code § 49-4-604(c)(7)(A) ("[T]he department is not required to make reasonable efforts to preserve the family if the court determines: . . . The parent has subjected the child, another child of the parent or any other child residing in the same household . . . to aggravated circumstances which include, but are not limited to, . . . chronic abuse.").

Syl. Pt. 11, *In re Daniel D.* 211 W. Va. 79, 562 S.E.2d 147 (2002) (citation omitted). While it may be true that one of the children remained open to communication one day, petitioner was not entitled to post-termination visitation as a matter of right, and the circuit court did not err in denying the same given the aggravated circumstances of this case and the fact that no evidence indicated that continued contact would be in the children's best interests.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 15, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: April 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn